NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QI SI; H. M. H.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-2868

Agency Nos.
A249-158-388
A249-158-389

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2026**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Qi Si (Si) and her minor child, H.M.H.[1] (collectively, Petitioners), natives

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] H.M.H. is a derivative beneficiary of Si's asylum application. She did not file an independent application for withholding of removal or protection pursuant to the Convention Against Torture. Petitioners only challenge the asylum claim in their petition for review.

and citizens of China, seek review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In their petition for review, Petitioners challenge: (1) the adverse credibility finding; and (2) the finding that the corroborating evidence was insufficient to independently support their asylum claim. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA reviewed the IJ's [Immigration Judge's] credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation modified). "In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (citation modified). We review questions of law de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

1. Adverse Credibility Determination. Petitioners challenge the finding that Si was not a credible witness. The BIA affirmed the adverse credibility

determination for six specific reasons. The BIA then affirmed the denial of the asylum and withholding claims on the basis that Si had "not argue[d] that she otherwise met her burden of proof with independent corroborating evidence." We review adverse credibility findings for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Substantial evidence supports the BIA's determination that the IJ did not clearly err in making the adverse credibility determination. The BIA identified six instances and discrepancies in Si's testimony. Although some inconsistencies rest upon mischaracterizations of the record or trivial facts, the BIA and IJ's determination that false information was submitted in Petitioners' asylum application alone supports the adverse credibility determination, especially given that the agency is "not required to accept [Si's] explanation for the discrepancy." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021); *see also Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) ("[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination.") (citation omitted). In the absence of credible testimony or sufficient independent corroborating evidence, the record does not compel us to reach a conclusion contrary to the determination that

Petitioners did not establish eligibility for asylum.[2] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. <u>Corroborating Evidence</u>.  Petitioners argue that their corroborating evidence was sufficient to support the asylum claim or, in the alternative, that they should be afforded an opportunity to obtain other corroborating evidence.  But in their brief to the BIA, Petitioners did not meaningfully challenge the IJ's finding that their corroborating evidence, even if true, was insufficient to independently support the asylum claim.  Accordingly, Petitioners forfeited this argument.  *See Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

**PETITION DENIED.**[3]

---

[2]     Petitioners challenge only the denial of their asylum claim in their petition for review.  Accordingly, we do not address Si's withholding or CAT claims.

[3]     The temporary stay of removal entered by the court pursuant to General Order 6.4(c) is hereby **LIFTED** effective immediately, and Petitioners' motion for a stay, (Dkt. 3), is **DENIED**.